UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CRISPIN REVUELTA-VALENCIA,<br><br>Defendant. | Case No. 4:04-cr-00243-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Crispin Revuelta-Valencia's Motion for Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A). Dkt. 633. The Government opposes the motion. Dkt. 636. For the reasons that follow, the Court will grant the motion.

# BACKGROUND

From approximately 1993 to 2005, Revuelta-Valencia was a leader of an Idaho drug trafficking organization. In November 2005 he pled guilty to engaging in a continuing criminal enterprise. Revuelta's guideline range was 262 to 327 months. The Court sentenced Revuelta to 300 months imprisonment.

In March 2021 the Government and Revuelta stipulated to reduce Revuelta's sentence under 18 U.S.C. § 3582(c)(2) following a reduction in his offense level due to Amendment 782 of the sentencing guidelines. Dkt. 632. Per the parties'

stipulation, the Court reduced Revuelta's sentence to 240 months.[1] Dkt. 638. Shortly after the parties filed their stipulation, Revuelta filed his motion for compassionate release.

Revuelta is now 54 years old and suffers from obesity, hypertension, and hypothyroidism. He is in close contact with his two adult daughters, who have successful careers in the United States. Both of his daughters wrote letters supporting Revuelta's release. Dkt. 633-1.

Revuelta has been imprisoned for 198 months and has performed admirably while incarcerated. He has consistently worked in the kitchens and as an orderly. His disciplinary record is also impressive, having maintained a clean record for over 11 years.[2] Upon release, Revuelta will be discharged to an ICE detainer and

---

[1] The Presentence Investigation Report calculated Revuelta's base offense level under § 2D1.5, which sets the base offense level at the base offense level under § 2D1.1 plus 4 offense levels or 38, whichever is higher. Revuelta was held responsible for 2.28 kilograms of methamphetamine mixture or 383.2 grams of actual methamphetamine (either amount resulted in the same offense level). This resulted in a base offense level of 34 under § 2D1.1. Revuelta was also held responsible for possession of a firearm, which added 2 levels under § 2D1.1. After adding the 4-level enhancement pursuant to § 2D1.5, Revuelta's base offense level was 40. Revuelta received a 3-level reduction for acceptance of responsibility, resulting in an adjusted offense level of 37. Following application of Amendment 782, Revuelta's base offense level under § 2D1.1 is 32, which, with the 2-level firearm enhancement and 4-level enhancement under § 2D1.5, results in a base offense level of 38. With the 3-level reduction for acceptance of responsibility Revuelta's new adjusted offense level is 35. With a criminal history category III, this resulted in a new guideline range of 210 months to 262 months. However, Revuelta is subject to the mandatory minimum of 240 months. Thus, the low end of the guidelines after applying Amendment 782 is 240 months.

[2] Revuelta was cited for failing to follow safety regulations in 2016, but the report makes clear that it was erroneous. *See* Dkt 633 Ex. C at 1. ("The report is not true. He returned his boots to laundry.")

deported to Mexico, where he claims he will live with his elderly mother.

## LEGAL STANDARD

Revuelta seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id*. Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *Id*.; *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). *See also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Revuelta submitted a request for compassionate release to the warden of Big Springs CI in February 2021, which the warden denied. Therefore, Revuelta meets the exhaustion requirement of § 3582(c)(1)(A) and his motion is ripe for consideration.

The Court finds, and the Government agrees, that Revuelta has presented

extraordinary and compelling reasons for release under § 3582(c). Dkt. 636 at 4-5. All that remains to consider is whether the applicable 18 U.S.C. § 3553(a) sentencing factors support release. While the Court acknowledges the seriousness of Revuelta's criminal conduct, Revuelta has demonstrated that the 3553(a) factors support his release.

Revuelta was a leader of a drug distribution organization in Eastern Idaho and had been engaged in the criminal enterprise since 1993. Indeed, Revuelta was convicted of Delivery of a Controlled Substance conviction in 1997, but that did little to deter his criminal behavior. Perhaps most worryingly, Revuelta possessed multiple firearms in relation to the criminal enterprise.[3]

However, Revuelta has shown that he understands the wrongful nature of his conduct and the harm it brought upon society. While he possessed illegal firearms at the time of his arrest, he has never been convicted of a violent offense, nor does he have an extensive, recidivist criminal history. His daughter Lisandra states that Revuelta "has taken responsibility for his actions and shown remorse for what he has done." Revuelta's actions validate those words. His clean record and

---

[3] The Government relies on Revuelta's criminal conduct and history to vigorously argue that he remains a danger to society. However, as Revuelta points out, he is not the same person as he was when he was sentenced, and his behavior while in prison supports this assertion. Following the reduction of his sentence to 240 months based on the parties' stipulation, Revuelta likely has less than a year to serve, accounting for good behavior credit. The Court struggles to see how he would pose any more of a threat to society today than he would in less than a year's time when he would be released at the completion of his sentence.

commitment to work while incarcerated reflect genuine rehabilitation. Both of his daughters have expressed a strong desire to support their father and ease his reintegration into society.

Pursuant to Amendment 782 and the parties' stipulation, Revuelta's sentence has now been reduced to 240 months. If it was not for the mandatory minimum, Revuelta's new guideline range following Amendment 782 would be 210 months to 262 months. Accounting for good behavior credit, Revuelta's time served already exceeds the low end of the guideline range. Further, he likely has less than a year to serve under his amended sentence.

The Court finds that Revuelta will not pose a danger to society if released. His advancing age, health conditions, and isolation from his previous criminal associates make it unlikely he will reoffend. In addition, Revuelta has an appropriate release plan. When released, Revuelta will be deported to Mexico; he plans to live with his 87-year-old mother at their family home in Michoacán.

Under *Pepper v. United States*, 562 U.S. 476, 490-93 (2011), the Court must consider post-offense developments—such as the evidence of rehabilitation, medical conditions, and relationships to family discussed above—in its § 3553(a) calculus. In light of such developments, Revuelta's 16 years of imprisonment has reflected the seriousness of his offense, promoted respect for the law, provided just punishment, and adequately deterred criminal conduct. 18 U.S.C. § 3553(a)(2). He

is no longer a danger to the public and any further sentence would be greater than necessary to comply with the purposes of § 3553. Accordingly, the Court will grant Revuelta's motion and order that he be released to his ICE detainer.

## ORDER

**IT IS ORDERED** that:

1. Crispin Revuelta-Valencia's Motion to Reduce Sentence (Dkt. 633) is **GRANTED**.

2. Crispin Revuelta-Valencia's sentence is reduced to a sentence of time served pursuant to 18 U.S.C. § 3582(c)(1)(A).

3. The Bureau of Prisons shall release Crispin Revuelta-Valencia as soon as possible. Upon release from BOP custody he shall enter the custody of Immigration and Customs Enforcement pursuant to his underlying detainer.

DATED: July 8, 2021

_____
B. Lynn Winmill
U.S. District Court Judge